Gillen v. Hubbard.

THOMAS GILLEN *v.* JOHN L. HUBBARD, IMPLEADED WITH GARRET VAN CLEVE AND GEORGE RYERSON.

Where a building contract specifies a sum to be deducted for any particular omission or failure in its performance by the contractor, the owner cannot, in a proceeding by a sub-contractor to enforce a lien acquired under the Mechanics' Lien Law, claim any other or greater rate of deduction by reason of the omissions, for the purpose of showing himself discharged from liability to the contractor.

Where the contract provides that if, during the progress of the work, the contractor fails to supply a sufficiency of workmen or materials, the owner may provide them after three days' notice, and deduct the expense from the contract price; the owner, if he elects to exercise this power, and under it finishes the

building, cannot afterwards claim any greater deduction or allowance from the contractor than the amount expended or incurred in completing the work agreed on.

The contract having further required the certificate of the architect to entitle the contractor to any of the several payments specified in it, *Held*,

I. That when the owner, under the clause previously mentioned, undertook the completion of the building, he became the contractor *pro hæc vice*, and the certificate was thereby rendered unnecessary.

II. That the recovery in such a case would be the sum remaining unpaid upon the contract; after deducting the amount expended in completing the work, and the sums stipulated in the contract for any failures or omissions.

APPEAL from a judgment entered upon the report of a referee. The action was brought by a sub-contractor to enforce a mechanic's lien on a building erected in the city of New York.

The defendant, John L. Hubbard, was owner of the building in question, he having contracted with the defendants, Van Cleve and Ryerson, for the erection of it. The plaintiff was employed by Van Cleve and Ryerson *to furnish materials for and build* the stairs in the house, which he did, and thereby became entitled to receive from them $199. For this amount he filed a notice of lien.

The contract for the erection of the building required Van Cleve and Ryerson to furnish all the carpenter's work, agreeably to certain drawings and specifications made by the architect, and complete the same on or before April 1st, 1855, in a good, substantial and workmanlike manner, to the satisfaction and under the direction of the architect, to be testified by a writing or certificate under his hand. The payments were to be made in certain sums, proportioned to the progress of the building, and it was provided "that in each of the said cases a certificate be obtained and signed by the said architect."

The contract also contained the following clauses:

" *Second.*—The contractor, at his own proper cost and charges, is to provide all manner of materials and labor, scaffolding, implements, moulds, models, and cartage of every description, for the due performance of the several erections. *Third.*—Should the owner, at any time during the progress of the said building,

Gillen v. Hubbard.

request any alteration, deviation, additions, or omissions from the said contract, the same shall be made, and shall in no way affect or make void the contract, but will be added to or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation. *Fourth.*—Should the contractor, at any time during the progress of the said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall, have the power to provide materials and workmen, after three days' notice in writing being given to finish the said works, and the expense will be deducted from the amount of the contract. *Fifth.*—Should any dispute arise respecting the true construction or meaning of the drawings or specification, the same shall be decided by the architect, S. A. Warner, and his decision shall be final and conclusive; but should any dispute arise respecting the true value of the extra work or works omitted, the same shall be valued by two competent persons; one employed by the owner, and the other by the contractor; and those two shall have power to name an umpire, whose decision shall be binding on all parties. *Sixth.*—The owner shall not in any manner be answerable or accountable for any loss or damage, that shall or may happen to the said works, or any part or parts thereof respectively, or of any of the materials or other things used and employed in finishing and completing the same, loss or damage by fire excepted. If one cedar closet is omitted, the sum of one hundred dollars is to be deducted from the amount of this contract. If the painting is omitted, the further sum of four hundred dollars is to be deducted from the amount of this contract."

The performance of the required work was entered upon, but not proceeding satisfactorily, or being finished within the time agreed on, the defendant Hubbard, the owner, gave the notice referred to in the *fourth* clause of the contract, and thereupon proceeded to, and did complete the building; and the question the case presented, was, whether anything was due upon the contract to which the lien would attach, after deducting the amount expended in completing the work, the value of any omissions or failures in its performance, and any damages which the owner

was legally entitled to, and shown to have resulted from its non-performance.

The action was referred, and the referee reported that at the time of filing the notice of lien, there was due on the contract from the owner, the sum of $199, and for that sum judgment was given. The defendant Hubbard, the owner, appealed, and the facts other than those stated, and which seem material to the question presented, are given in the opinion of the court.

*Man & Rodman*, for the appellant.

I. The plaintiff was bound to show that at the time of filing the lien, something was due, or that subsequently something became due, on the contract, by the owner to the contractors, which they could have recovered in an action against the owner. *Spalding* v. *King*, 1 E. D. Smith, 717; *Dixon* v. *La Farge*, id. 722. The last payment (the only one in question,) never became due, for these reasons, viz.: It was payable when all the work was furnished, according to the plans and specifications, and provided the architect's certificate be obtained, and the work done to the architect's satisfaction, expressed in writing. (*a.*) The contractors never finished their work in any manner; but stopped before it was done. They could not recover on the contract, because they had not performed it. The right to the last payment depended on the completion of the whole job. *Paige* v. *Ott*, 5 Denio, 406; *Champlin* v. *Rowley*, 18 Wend. 187; *Cunningham* v. *Jones*, 3 E. D. Smith, 650; *White* v. *Hewitt*, 1 id. 325. In order to sustain this judgment, the referee should have found that the contract was performed by the contractors. On the contrary, he finds that it was not performed. (*b.*) The payments were all conditioned upon the performance of the work to the architect's satisfaction, expressed by his certificate. That was a condition precedent to the payment. *Smith* v. *Driggs*, 3 Denio, 73; *Adams* v. *Mayor*, &c., 4 Duer, 308.

II. The referee finds that the house was worth $2,000 a year. By the contract, the carpenter work was to be completed by the 1st April, 1855. It was not finished until about 1st January,

1856. Hubbard has a just claim for damages against the con-tractors for the loss of rent, which, at that rate, is about $1,500. This was a just and valid set-off against any claim of the con-tractors. It was a right of action which could not be discharged or waived by parol, even if there was any evidence of such a dis-charge or waiver, which there is not. *Allaire* v. *Whitney*, 1 Hill, 484; affirmed, 1 Com. 305; *McKnight* v. *Dunlap*, 1 Seld. 337. Besides, this is a proceeding in which any legal or equitable de-fence may be set up by the owner against the contractor. *Owens* v. *Dickerson*, 1 E. D. Smith, 691. The question is, what is due on the contract? Any claim for loss of rent, or delay, may be proved under that issue. *Gourdier* v. *Thorp*, 1 E. D. Smith, 697.

III. Van Cleve & Ryerson could not recover on a *quantum meruit*, but only on the contract, by proving performance. 5 Denio, 406; 18 Wend. 187; *Smith* v. *Brady*, 17 Smith's N. Y. Rep. 173.

In England the rule is different. Here, both the rule of law and the provision of the lien law require that, in order to the plaintiff's recovery, money must be due on the contract, so that the contractor could recover it in an action on the contract against the owner. The referee also erred in disregarding the agreement to submit all questions as to extras or omissions to arbitration or to the architect. *Smith* v. *Brady*, (*sup.*,) HARRIS, J.; *Butler* v. *Tucker*, 24 Wend. 447.

*Beebe, Dean & Donohue*, for the respondent.

I. The report of a referee, like the verdict of a jury, is conclu-sive where there is no decisive preponderance of evidence against its conclusions. *Eaton* v. *Benton*, 2 Hill, 576; *Easterly* v. *Cole*, 1 Barb. 235; *Green* v. *Brown*, 3 Barb. 119; *Quackenbush* v. *Ehle*, 5 Barb. 469.

II. The conclusion of a referee on conflicting evidence will not be set aside. *Spencer* v. *Utica and Schenectady Railroad Co.*, 5 Barb. 337.

III. The questions in this case were purely questions of fact, and are fully sustained by the evidence.

IV. The only questions were, whether Van Cleve & Ryerson had entered into the contract with the plaintiff set out in his complaint, and whether, at the time of filing the notice of his claim, there was anything due from Hubbard to Van Cleve & Ryerson; and the referee having passed upon these questions, and his findings not being against the weight of evidence, the report should not be set aside.

V. The contract provided that if the contractor neglect to complete the work after three days' notice, in writing the owner might do so, and the expense should be deducted from the amount of the contract. This leaves the contract in existence, and provides the penalty to be suffered by the contractor. The contractor could, therefore, recover on the contract, less the amount which may have been paid by the owner to finish. The referee allowed the owner for all the expense he was put to in finishing the building.

By the Court, BRADY, J.—The defendant agreed that if the contractor should, at any time during the progress of the work to be done under the contract, refuse or neglect to supply a sufficiency of materials or workmen, that he should have the power to provide the materials and workmen after " three days' notice in writing being given to finish the work," and that the expense would be deducted from the amount of the contract. And the defendant, acting upon this part of the contract, and after the alleged abandonment of the work by the contractors, notified them that they were required to supply the requisite materials and workmen for the completion of the contract, and that in default thereof he would supply the same, and deduct the expense thereof from the contract price. The penalty for a failure or refusal to supply materials and workmen appears to have been determined by the contract, and to have been understood and acted upon by the defendant. If the contract had been silent upon the subject, there would be no difficulty in relieving the defendant from any of his alleged grievances, because, the contractors having failed to perform their contract, the plaintiff, as

a lienor, could not recover.   *Neville* v. *Frost*, 2 E. D. Smith, 62;
*Cunningham* v. *Jones*, 3 E. D. Smith, 650; *Smith* v. *Brady*, 17
New York Rep. 172.

It seems, from the testimony in this case, that the principal·
omissions of the contractors were the painting, and the construc-
tion of one cedar closet; and by the terms of the contract the
penalty for such omissions was regulated.   If one cedar closet
was omitted, the sum of one hundred dollars was to be deducted
from the amount of the contract; and if the painting was omitted,
the sum of four hundred dollars was to be deducted in like man-
ner.   It may be said, with propriety, in reference to this part
of the contract, that it gave to the contractors, if they thought
proper so to do, the right to omit one cedar closet and the paint-
ing, and thus qualified the engagement to finish the building ac-
cording to the plans and specifications of which these things
were a part.   But whether that be so or not, the defendant can-
not claim for those items more than he has agreed to accept, and
cannot ask more than a reduction of the amounts agreed upon
for these omissions.   In determining the obligation of the con-
tractors, the whole contract must be considered; and thus con-
sidered, it is an agreement to erect and furnish all the carpenter's
work of a dwelling house on or before the 1st of April following
its date, with a proviso that if the contractors should refuse or
neglect to supply a sufficiency of materials or workmen, the de-
fendant should have the power, on a notice of three days, to
finish the work and deduct the expense from the amount of the
contract.   And with a further proviso, that if one closet were
omitted, and the painting omitted, a deduction of five hundred
dollars could be made by the defendant in the manner before
stated.   These features of the agreement gave the defendant the
means of preventing any unnecessary delay in the performance
of the work contemplated, and the power of substituting himself
for the contractors upon the happening of the contingencies ex-
pressed.   Doubtless he might have disregarded the power thus
conferred, and have rested upon his right to have the work per-
formed at the time agreed upon; but he did not adopt that

course, and, having acted upon the contract, must abide by the consequences. The omission of the contractors to furnish the certificate of the architect, required by the contract, is answered by the fact that the defendant undertook to finish the work for the contractors, who, not having done it, were not entitled to the certificate. The contractors would not be entitled to the certificate if the painting was omitted, although the deduction for such omission agreed upon was a qualification of the contract as to the parties themselves. It was not so as to the architect. His certificate depended upon the contractors' performance. The ninth payment was to be made when the work was completely finished according to the plan and specifications, provided the certificate of the architect was obtained. When the defendant undertook to do the work, as already mentioned, the architect's certificate was not only unnecessary in fact, but as a matter of form. The relation of the parties was changed, and the defendant became the contractor *pro hæc vice*. This view of the case disposes of the objections made to the right to recover, and leaves to be considered the state of the accounts between the contractors and the defendant. The contractors were entitled to the sum of $950, and $76 for extra work, making, in all, $1,026. The defendant was entitled to $500 for the omission of one cedar closet and the painting, $160.56 for glass put in, and $58 for the cost of completing tin roof and a difference in the skylight, making, in all, $718.56, which, deducted from $1,026, would leave a balance of $307.44 due to the contractors. The defendant, however, insists that he is also entitled to a deduction of at least $416 for rent of the premises from the 13th October to 1st January, 1856, when the premises were finished. This claim is based upon the agreement of the contractors to finish their work on the 1st April and the value of the house per annum, estimated at $2,000 as a rental.

The referee finds that the rent of the house was $2,000 per annum, but does not find that the defendant sustained any damages by reason of the contractors' failure to finish the premises on 1st April. Indeed there is no finding on that subject. The de-

fendant did not set up such damages in his answer, although he gave proof of the rental without objection; yet, so far as the referee's report is concerned, the parties have treated the matter as of little importance. The defendant has only excepted to that part of the referee's report whereby he finds, as conclusions of fact, that the defendant was indebted to the contractors in the sum of $200, and that the plaintiff has acquired a lien for the sum of $199. The exceptions are to conclusions of law, and not to the findings of fact; and the defendant has failed to present the case in such manner that we can reverse the judgment on the ground suggested; and, as the referee has allowed the defendant all his expenses, the judgment will be affirmed.

Judgment affirmed.